1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIELLE SCHERZI, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>    v.<br><br>PACIFIC MARKET INTERNATIONAL, LLC d/b/a/ PMI WORDLWIDE,<br><br>*Defendants*. | Case No.<br><br>**COMPLAINT-CLASS ACTION**<br><br>**JURY DEMAND** |

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC

ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

## NATURE OF THE ACTION

1.        This case concerns a deceptively dangerous product and its manufacturer's inadequate recall efforts.

2.        On December 12, 2024, Defendant, PMI WW Brands LLC d/b/a Stanley 1913 ("Stanley" or "Defendant"), and the U.S. Consumer Product Safety Commission ("CPSC") announced the recall of over 2.6 million stainless steel travel mugs spanning eleven different product numbers.[1] Consumers were warned to "immediately stop using the recalled travel mugs" because the mug's lid threads can shrink when exposed to heat and torque, causing the lid to detach during use, resulting in a burn hazard. *Id*. At the time of the recall, the CPSC and Defendant were aware of at least 38 burn injuries and 91 reports of the lid detaching during use. *Id*. Eleven of these consumers required medical attention due to burns. Upon information and belief, countless consumers have experienced the travel mugs' lids loosening, leaking, and/or detaching.

3.        There is no dispute the subject travel mugs are defective and that customers who bought them did not get what they paid for. Today, tucked away on a remote portion of Stanley's website that few people are likely to see, is a link to the CPSC recall warning customers to "**immediately** stop using the recalled travel mugs"[2] Thus, Stanley admits the travel mugs are unsuitable for their intended purpose and pose an unreasonable safety hazard.

4.        And yet Stanley refuses to give customers any money back for these defective products. Instead, Stanley implemented a deficient recall that allows it to *say* they are doing the right thing, when in fact the primary objective is to protect their bottom line.

5.        Any requests for refunds are denied. A consumer has only one option: receive a replacement lid, regardless of whether they continue to want one or to trust the manufacturer. Given the breadth of the defect across Stanley's travel mug model lines, the fact that the threads

---

[1] https://www.cpsc.gov/Recalls/2025/Stanley-Recalls-2-6-Million-Switchback-and-Trigger-Action-Travel-Mugs-Due-to-Burn-Hazard

[2] https://www.stanley1913.com/ (Product Recall link in the Support Menu)


**WYATT GRONSKI**
PLLC
ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

on the mug itself are subject to the same shrinkage as the threads in the lid, and the fact that Stanley is replacing the defective travel mug lids with clearly inferior lids – any reasonable person would think twice about using a Stanley travel mug again whether that be with a replacement lid or the original. What's more, this replacement option is only available to those consumers who still have the travel mug at their home; consumers who already discarded the travel mug because they experienced the lid loosening, leaking, and/or detaching are left without recourse.

6.      By design, the recall received very little publication, with the result that the response rate has been low. An offer to replace travel mug lids does little good when Stanley did the bare minimum possible to let people know about the offer. This approach benefits Stanley by minimizing the cost and burden of the recall.

7.      Plaintiff Danielle Scherzi files this class action lawsuit to seek all available relief to consumers, to raise awareness that Stanley's travel mugs are a hazard, and to "encourage companies to take greater care in avoiding the production [and sale] of hazardous products in the first place." *Kaupelis v. Harbor Freight Tools USA, Inc.*, 2019 WL 6998661 at *10 (C.D. Cal. Oct. 9, 2019) (quoting *In re Mattel, Inc.*, 588 F. Supp. 2d 1111, 1115-16 (C.D. Cal. 2008)).

## PARTIES

8.      Plaintiff Danielle Scherzi is domiciled in Rochester, New York.  Scherzi purchased a Stanley Trigger Action 12 oz. travel mug with the product identification number 20-02825 from a Target store in Rochester, NY in 2022.

9.      Before purchasing the travel mug, Plaintiff carefully reviewed the mug and its packaging and labeling on the shelf within Target. Neither source disclosed the existence of the defect. The fact that the travel mugs are defective is material to Plaintiff. If Stanley's product packaging, website, or the store personnel had disclosed the defect, then Plaintiff would not have purchased the travel mug, or she would have purchased it on different terms. Further, Plaintiff experienced the defect at issue in this action—namely, her travel mug lid started becoming loose. On two occasions the lid detached, causing coffee to spill all over Plaintiff. The

CLASS ACTION COMPLAINT    2
JURY TRIAL DEMANDED

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

1    product is essentially worthless to Plaintiff as she is unable to use it for its essential purpose and

2    core functionality (*i.e.*, safely store liquids which may be hot enough to cause burns if spilled).

3          10.    Defendant PACIFIC MARKET INTERNATIONAL, LLC d/b/a PMI

4    WORLDWIDE is a Washington limited liability company with its principal place of business at

5    2401 Elliot Ave., Fl. 4, Seattle, Washington. It is engaged in the business of designing,

6    manufacturing, producing, advertising, selling, and/or distributing the various types of

7    drinkware and cookware, including the Stanley 1913 line of tumblers and travel mugs. Per

8    Stanley, its products are known for their purported durability and their ability to keep drinks hot

9    or cold for extended periods using double-walled vacuum insulation. Stanley develops and ships

10   its products to purchasers, resellers, and distributors throughout the United States, and creates

11   the website, specifications, and advertisements referring to their products in and/or disseminates

12   them from this State. Stanley operates an online retail store where its travel mugs are sold,

13   which can be found at https://www.stanley1913.com/.

14         11.    Any reference made in this Complaint to Defendant includes its predecessors,

15   successors, parents, subsidiaries, affiliates, and divisions for the corresponding time period in

16   any way involved in the design, manufacture, promotion, distribution, and/or sale of the Stanley

17   travel mugs at issue in this case.

18                              **JURISDICTION AND VENUE**

19         12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A)

20   because this case is a class action where the aggregate claims of all members of the proposed

21   class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of

22   the proposed class is citizen of state different from Defendants.

23         13.    This Court has personal jurisdiction over Defendant because it conducts

24   substantial business and is headquartered in Washington. All relevant business decisions were

25   made by Defendant in Washington. A substantial portion of the events giving rise to the claims

26   alleged here occurred in this State.

27

28   CLASS ACTION COMPLAINT                         3
     JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

14.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District and because Defendant is headquartered in this District.

## FACTUAL ALLEGATIONS

15.     Stanley tumblers and travel mugs are popular reusable items that come in various sizes, colors, and designs. They are uniformly marketed as durable, leak-proof, and insulating, keeping drinks hot or cold for hours. They are also advertised as BPA-free and made of stainless steel. They have become a viral sensation on social media. The Stanley Quencher tumbler model is largely responsible for Stanley going from a reported $73 million in revenue in 2019 to $750 million in 2023.

16.     **Products at issue**: The Stanley travel mugs at issue in this case were and continue to be sold at Amazon.com, Walmart, Dick's Sporting Goods, Target, and other stores nationwide and online starting June 2016 for between $20 and $50 depending on the model. The recall involves two models: (1) the Stanley Switchback, available in 12 oz and 16 oz cups; and (2) the Stanley Trigger Action, available in 12 oz, 16 oz, and 20 oz cups. The product identification numbers for recalled models can be found at the bottom of the mug and include: 20-01437, 20-01436, 20-02211, 20-02033, 20-02779, 20-02825, 20-02030, 20-02745, 20-02957, 20-02034, and 20-02746.

17.     **Defect at issue**: Per the CPSC, the travel mugs' "lid threads can shrink when exposed to heat and torque, causing the lid to detach during use, posing a burn hazard."

18.     The defect also causes the lid to become loose and leak even when it does not fully detach.

19.     At the time of the recall, the CPSC and Defendant were aware of at least 38 burn injuries and 91 reports of the lid detaching during use. Eleven of these consumers required medical attention due to burns. Upon information and belief, countless consumers have experienced the travel mugs' lids loosening, leaking, and/or detaching.

WYATT GRONSKI
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

20. The defect affects all 2.6 million units of the aforementioned product identification numbers. Defendant and the CPSC have instructed consumers to "immediately stop using the recalled travel mugs" regardless of whether their particular product appears to be functioning correctly. *See* https://www.cpsc.gov/Recalls/2025/Stanley-Recalls-2-6-Million-Switchback-and-Trigger-Action-Travel-Mugs-Due-to-Burn-Hazard (last visited December 23, 2024)*; see also* Exhibit A.

21. This is a defect in materials, workmanship, and/or design.

22. The cause of the defect is the same for all of the products at issue.

23. **Relevant time period**: All of the omissions at issue here were uniformly and consistently made at all times during the last four years, at least. There have been no material changes to the product packaging or other consumer facing materials during the relevant period.

24. **The omissions**: Defendant described and describes the products as "leakproof" travel mugs that "can take a beating" and "keep[] your beverage hot for up to 9 hours." *See* Exhibit B. The Amazon product page for the travel mugs states the Trigger Action models have a "leak resistant cap," and claims the "trigger action lid makes this travel thermos spill-proof and easy for one-handed use." *See id*. However, Defendant failed to disclose that due to a defect in the materials, workmanship, and/or design, users of the travel mug were prone to experiencing leaks or lid detachment. This defect results in an unreasonable risk of burn injury. This material fact was concealed and/or suppressed by Defendant.

25. The omission pertains to an unreasonable safety hazard that reasonable consumers consider to be material.

26. Plaintiff and class members would not have bought the travel mugs, or would not have bought them on the same terms, if the defect had been disclosed. The materiality of the defect also is demonstrated by the existence of the recall.

27. Defendant did not disclose the defect on the product packaging, the product page of its website, the owner's manual, the product pages of other retailers who acted as Defendant's agents, or in any other customer-facing document. To the extent the products were sold at brick-

WYATT GRONSKI
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

and-mortar locations, such as Walmart and Target, sales personnel and customer service representatives did not disclose the defect and no other signage or labeling did either.

28.     At the time of purchase, Plaintiff and class members did not know and did not have reason to know that the travel mugs were defective. Defendant had exclusive knowledge of that fact.

29.     Defendant made partial representations to Plaintiffs and class members, while suppressing the safety defect. Specifically, by describing the travel mug's features with language such as leakproof, leak resistant, and spill-proof, the product packaging and product webpages implied that they were suitable as travel mugs, without disclosing that they had a critical safety-related defect related to the lid.

30.     **Defendant's pre-sale knowledge of the defect**: Defendant was aware of the defect at the time of sale.

31.     Before the products were first launched, Defendant knew about the defect because of pre-release testing.

32.     After launch, Defendant monitored a variety of sources of information to detect signs of defects. These sources of information include warranty claim data, customer complaints to Defendant, replacement part data, and field reports. Defendant knows that for every complaint made, there is a statistical likelihood that there were many more unreported incidents, and Defendant made projections about the likely manifestation rate and future warranty claims based on the number of known complaints.

33.     The customer complaints about the travel mugs also would have put Defendant on notice of the defect and contributed to its pre-sale knowledge of the defect, because the defect is the same or substantially similar in all material respects. Defendant received 91 reports worldwide, including 16 in the U.S., of the recalled travel mugs' lids detaching during use, resulting in 38 burn injuries worldwide, including two burn injuries in the U.S., with 11 consumers worldwide requiring medical attention. Upon information and belief, the number of reports about the defect – both the lid detaching and simply leaking – was significant. The fact

CLASS ACTION COMPLAINT                6
JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC

ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

1    that so many owners worldwide made similar complaints indicated that the complaints were not

2    the result of user error or anomalous incidents, but instead a systemic problem with the travel

3    mugs. The reports and complaints from owners were similar enough to put Defendant on notice

4    that the incidents described were the result of a defect, and that the travel mugs were

5    experiencing unusually high levels of complaints.

6        34.    Defendant also monitored and would have known about consumer complaints to

7    the CPSC. When a consumer posts a complaint on the CPSC website, all of the relevant

8    information provided to the CPSC is automatically sent via email to the manufacturer and

9    retailers. Monitoring complaints to the CPSC is standard industry practice that serves as an early

10    warning mechanism to spot defects that cause safety hazards, and Defendant adheres to that

11    practice.

12        35.    In short, Defendant knew with certainty that the defect would manifest and

13    continue to plague consumers who purchased the products at issue.

14        36.    **No adequate remedy at law**: Plaintiffs and members of the putative class are

15    entitled to equitable relief because no adequate remedy at law exists.

16        37.    Legal remedies are inadequate because they are not equally prompt and certain

17    and in other ways efficient as equitable relief.

18        38.    Damages are not equally certain as restitution because the standard that governs

19    restitution is different than the standard that governs damages. Hence, the Court may award

20    restitution even if it determines that Plaintiff fails to sufficiently adduce evidence to support an

21    award of damages.

22        39.    Damages and restitution are not the same amount. Unlike damages, restitution is

23    not limited to the amount of money Defendant wrongfully acquired plus the legal rate of

24    interest. Equitable relief, including restitution, entitles a plaintiff to recover all profits from the

25    wrongdoing, even where the original funds taken have grown far greater than the legal rate of

26    interest would recognize. Plaintiff seeks non-restitutionary disgorgement of profits in connection

27    with her unjust enrichment claims.

28
CLASS ACTION COMPLAINT                    7
JURY TRIAL DEMANDED

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

40.    Legal claims for damages are not equally certain as restitution because equitable claims entail few elements.

41.    In short, significant differences in proof and certainty establish that any potential legal claim cannot serve as an adequate remedy at law.

42.    **The recall does not render this lawsuit moot:** The recall does not render this lawsuit moot because it does not provide all of the same relief available in this lawsuit.

43.    Under the recall, Defendant will only provide a replacement lid for the travel mug. No cash refunds are provided, partial or otherwise. This remedy is not viable for people like Plaintiff who either no longer trust the reliability of Stanley's travel mugs and lids in general, or no longer have the travel mug because they disposed of it due to the defect. Further, the functionality and features of the replacement lids are obviously inferior to the original lids. *See* Exhibit C. For example, with respect to the Trigger Action mugs, replacement lids lose the functionality of the trigger, cannot break down for easy cleaning, and no longer match the style and design of the mug. *See* Exhibit D. The replacement lids make the mugs have an overall inferior value and price, causing consumers to lose the value of their mugs as a result of the recall.

44.    Moreover, New York's General Business Law § 350 provides for statutory damages of $500 per unlawful sale, which also is greater than made available under the recall.

45.    The recall was only briefly publicized and in a very limited manner. Therefore, many eligible class members remain unaware of it, and the response rate has been low. The amount and reach of the publicity concerning the notice of recall was not comparable to the typical notice provided in a class action.

## CLASS ALLEGATIONS

46.    ***Class Definition***: Plaintiffs brings this action on behalf all people in the following classes and subclasses (collectively referred to as "Class Members"):

(a)    Nationwide Class: all people in the United States who purchased a subject travel mug.

CLASS ACTION COMPLAINT                                       8
JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC
ATTORNEYS
371 NE Gilman Blvd., Suite 260
Issaquah, WA 98027
425.395.7784

1          (b)     <u>Multi-State Consumer Protection Class</u>: all persons who purchased a

2    subject travel mug for personal, family, or household use: (1) in the states of Michigan,

3    Minnesota, or New Jersey within the applicable statute of limitations; (2) in the state Missouri

4    within the applicable statute of limitations; (3) in the states of California, Florida,

5    Massachusetts, or Washington within the applicable statute of limitations; or (4) in the states of

6    Illinois and New York within the applicable statute of limitations.

7          (c)     <u>New York Subclass</u>: all people who purchased a subject travel mug in

8    New York.

9          47.     Each of the above class definitions is a placeholder that "may be altered or

10   amended before final judgment." Fed. Civ. P. 23(c)(1)(C). Subject to additional information

11   obtained through further investigation and discovery, the foregoing class definitions may be

12   expanded or narrowed by amendment or in the motion for class certification, including through

13   the use of multi-state subclasses to account for material differences in state law, if any.

14         48.     Excluded from the putative classes are Defendant and any entities in which

15   Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this

16   action is assigned, members of the judge's staff, and the judge's immediate family. Also

17   excluded are any claims for personal injury.

18         49.     ***Numerosity.***  Members of the Classes are so numerous that their individual

19   joinder herein is impracticable. On information and belief, each Class or Subclass includes

20   thousands of consumers. According to the CPSC, consumers purchased 2.6 million units of the

21   subject travel mugs. The precise number of Class Members and their identities are unknown to

22   the Plaintiff at this time but may be determined through discovery. Class Members may be

23   notified of the pendency of this action by mail and/or publication through the distribution

24   records of Defendant, its agents, or other means.

25         50.     ***Commonality and Predominance***. Common questions of law and fact exist as to

26   all Class Members and predominate over questions affecting only individual Class Members.

27   Common legal and factual questions include, but are not limited to:

28   CLASS ACTION COMPLAINT                    9
     JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC
ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

1        (a)      Whether Defendant knew or should have known of the defect at issue in

2   this case, and if so, when it discovered the defect;

3        (b)      Whether knowledge of the defect at issue in this case would be important

4   to a reasonable person, because, among other things, it poses an unreasonable safety hazard;

5        (c)      Whether Defendant failed to disclose and concealed the existence of the

6   defect from potential customers;

7        (d)      Whether Defendant's conduct, as alleged herein, violates the consumer

8   protection laws asserted here;

9        (e)      With respect to the New York Subclass, additional questions of law and

10   fact common to the members that predominate over questions that may affect individual

11   members include whether Defendant violated the New York General Business Law § 349 and §

12   350.

13       51.     ***Typicality.*** Plaintiff's claims are typical of the claims of the Classes in that

14   Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful

15   conduct, based upon Defendant's failure to inform Plaintiffs and all others similarly situated that

16   the products at issue here can be dangerous.

17       52.     ***Adequacy***. Plaintiff will fairly and adequately protect the interests of Class

18   members. Plaintiff has retained counsel that is highly experienced in complex consumer class

19   action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the

20   Classses. Plaintiff has no interests that are antagonistic to those of the Classes. Plaintiff has no

21   past or present financial, employment, familial, or other relationship with any of the attorneys in

22   this case that would create a conflict of interest with the proposed class members.

23       53.     ***Superiority***. A class action is superior to all other available methods for the fair

24   and efficient adjudication of this controversy for, *inter alia*, the following reasons: prosecutions

25   of individual actions are economically impractical for members of the Classes; the Classes are

26   readily definable; prosecution as a class action avoids repetitious litigation and duplicative

27

28

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

1  litigation costs, conserves judicial resources, and ensures uniformity of decisions; and

2  prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

3      54.     Without a class action, Defendant will continue a course of action that will result

4  in further damages to the Plaintiffs and Members of the Classes and will likely retain the

5  benefits of its wrongdoing.

6                          **COUNT I**

7      **Violations of the Washington Consumer Protection Act: RCW Chapter 19.86**

8      55.     Plaintiff incorporates and realleges each preceding paragraph as though fully set

9  forth herein.

10     56.     Plaintiff brings this cause of action individually and on behalf the Nationwide

11  Class and the Multi-State Consumer Protection Class.

12     57.     Defendant has violated the Washington Consumer Protection Act ("CPA"), RCW

13  Chapter 19.86.

14     58.     Section 19.86.020 of the CPA states, "[u]nfair methods of competition and unfair

15  or deceptive acts or practices in the conduct of any trade or commerce are hereby declared

16  unlawful." RCW § 19.86.020.

17     59.     Under the CPA, "[p]rivate rights of action may … be maintained for recovery of

18  actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for

19  treble damages," and "may obtain injunctive relief, even if the injunction would not directly

20  affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00

21  (Consumer Protection Act—Introduction) (internal citations omitted); RCW § 1986.090.

22     60.     Defendant engages in the conduct of trade or commerce within the meaning of

23  the CPA. Defendant does this by selling travel mugs in a manner that directly and indirectly

24  affects people of the state of Washington. Further, Defendant sells its travel mugs nationwide.

25     61.     As alleged more fully above, Defendant made and disseminated untrue and

26  misleading statements of facts in their advertisements to Class members, constituting acts of

27  unfair methods of competition and/or unfair or deceptive acts or practices.

28  CLASS ACTION COMPLAINT          11
    JURY TRIAL DEMANDED

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

62.     Defendant has represented and continues to represent to the public, including Plaintiff and members of the Nationwide Class and Multi-State Consumer Protection Class, through its deceptive packaging, that the travel mugs are free of the defect alleged herein, are fit for the purpose for which the travel mug would be used, and conform to the promises or affirmations of fact made on the package or label and advertising materials. Because Defendant has disseminated misleading information regarding the travel mugs, and Defendant knows, knew, or should have known, through the exercise of reasonable care, that the representations Defendant made are false and misleading, Defendant has violated the CPA.

63.     As a result of Defendant's false advertising, Defendant has and continues to unlawfully obtain money from Plaintiff and members of the Nationwide Class and Multi-State Consumer Protection Class. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to her and members of the Nationwide Class and Multi-State Consumer Protection Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the CPA or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the Nationwide Class and Multi-State Consumer Protection Class may be irreparably harmed and/or denied an effective and complete remedy.

64.     Defendant acted with knowledge and intent.

65.     This caused Plaintiff and putative class members to make purchases they otherwise would not have made, pay more for their purchases, and deprived them of their expectancy interest in receiving the travel mugs as advertised.

66.     The harm to Plaintiff and putative class members greatly outweighs the public utility of Defendants' conduct. There is no public utility to misrepresenting the price of a consumer product. Plaintiff and putative class members' injury was not outweighed by any countervailing benefits to consumers or competition.  Misleading consumer products only injure healthy competition and harm consumers.

CLASS ACTION COMPLAINT                    12
JURY TRIAL DEMANDED

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

67.     Defendant engaged in fraudulent conduct that had the tendency or capacity to deceive or confuse reasonable consumers.

68.     Defendant's conduct also constitutes "unfair" business acts and practices within the meaning of the CPA, in that the conduct was injurious to consumers, offended public policy, and was unethical and unscrupulous. Defendant's violation of consumer protection and unfair competition laws resulted in harm to consumers.

69.     As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff and the other members of the Nationwide Class and Multi-State Consumer Protection Class have suffered out-of-pocket losses.

70.     Plaintiff and the other members of the Nationwide Class and Multi-State Consumer Protection Class have suffered an injury in fact resulting in the loss of money and/or property as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein, and they lack an adequate remedy at law to address the unfair conduct at issue here.

71.     Plaintiff seeks all relief available under the CPA.

<u>**COUNT II**</u>

**Violations of New York General Business Law § 349**

72.     Plaintiffs incorporates and realleges each preceding paragraph as though fully set forth herein.

73.     Plaintiff brings this cause of action individually and on behalf all other class members in the Multi-State Consumer Protection Class and the New York Subclass.

74.     New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

75.     In its sale of goods throughout the State of New York, Defendant conducts business and trade within the meaning and intendment of New York's General Business Law § 349.

WYATT GRONSKI
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

76.     Plaintiff and members of the Multi-State Consumer Protection Class and the New York Subclass are consumers who purchased the travel mugs from Defendant for their personal use.

77.     By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices, which include, without limitation, misrepresenting that the travel mugs (a) would not contain a dangerous defect and (b) are generally recognized as safe for use. Defendant intentionally concealed and omitted material facts regarding the true nature of the travel mugs.

78.     The foregoing deceptive acts and practices were directed at consumers.

79.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics and quality of the travel mugs to induce consumers to purchase the same.

80.     By reason of this conduct, Defendant engaged in deceptive conduct in violation of New York's General Business Law.

81.     Defendant's actions are the direct, foreseeable, and proximate cause of the damages Plaintiff and members of the Multi-State Consumer Protection Class and the New York Subclass have sustained from having paid for and used Defendant's products.

82.     As a result of Defendant's violations, Plaintiff and members of the Multi-State Consumer Protection Class and the New York Subclass have suffered damages because: (a) they would not have purchased the travel mugs on the same terms if they knew that the travel mugs had a dangerous defect; (b) they paid a premium price greater than the amount offered in the Recall; and (c) the travel mugs do not have the characteristics, uses, benefits, or qualities as promised.

83.     On behalf of herself and other members of the Multi-State Consumer Protection Class and the New York Subclass, Plaintiff seeks to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorney fees.

---

CLASS ACTION COMPLAINT                14
JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

## COUNT III

### Violations of New York General Business Law § 350

84.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

85.     Plaintiff brings this cause of action individually and on behalf all other class members in the Multi-State Consumer Protection Class and the New York Subclass.

86.     New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

87.     Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity . . . if such advertising is misleading in a material respect."

88.     Based on the foregoing, Defendant engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of New York's General Business Law § 350.

89.     Defendant's false, misleading, and deceptive statements and representations of fact were and are directed toward consumers. Defendant also actively concealed and knowingly admitted material facts regarding the true nature of the travel mugs.

90.     Defendant's false, misleading, and deceptive statements and representations of fact and omissions were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

91.     Defendant's false, misleading, and deceptive statements and representations of fact and omissions have resulted in consumer injury or harm to the public interest.

92.     As a result of Defendant's false, misleading, and deceptive statements and representations of fact, and omissions, Plaintiff and the members of the Multi-State Consumer Protection Class and the New York Subclass have suffered and continue to suffer economic injury.

93.     As a result of Defendant's violations, Plaintiff and members of the Multi-State Consumer Protection Class and the New York Subclass have suffered damages due to said

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED                              15

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

violations because: (a) they would not have purchased the travel mugs on the same terms if they knew that the travel mugs had a dangerous defect and are not safe for use; (b) they paid a premium price in the amount greater than the amount offered in the Recall; and (c) the travel mugs do not have the characteristics, uses, benefits, or qualities as promised.

94.     On behalf of herself and other members of the Multi-State Consumer Protection Class and the New York Subclass, Plaintiff seeks to recover her actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorney fees.

## <u>COUNT IV</u>

### Unjust Enrichment

95.     Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

96.     Plaintiff brings this cause of action individually and on behalf all other Class Members.

97.     To the extent required, Plaintiff asserts this cause of action in the alternative to legal claims, as permitted by Rule 8.

98.     The unjust enrichment claims are premised on Defendant's pre-sale activities and are unrelated to their post-sale obligations to provide repairs.

99.     Plaintiff and the Class Members conferred a benefit on Defendant in the form of the gross revenues Defendant derived from the money Plaintiff and Class Members paid to Defendant.

100.    Defendant knew of the benefit conferred on it by Plaintiff and the Class Members.

101.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and the Class Members' purchases of the products, which retention of such revenues under these circumstances is unjust and inequitable because Defendant omitted that the products were dangerous. This caused injuries to Plaintiff and class members because they would not

CLASS ACTION COMPLAINT                16
JURY TRIAL DEMANDED

WYATT GRONSKI
PLLC

ATTORNEYS
371 NE Gilman Blvd., Suite 260
Issaquah, WA 98027
425.395.7784

1    have purchased the products or would have paid less for them if the true facts concerning the

2    products had been known.

3          102.    Defendant accepted and retained the benefit in the amount of the gross revenues

4    derived from sales of the products.

5          103.    Defendant has profited by retaining the benefit under circumstances which would

6    make it unjust for Defendant to retain the benefit.

7          104.    Plaintiff and the Class Members are, therefore, entitled to restitution in the form

8    of the revenues derived from Defendant's sale of the travel mugs.

9          105.    As a direct and proximate result of Defendant's actions, Plaintiff and Class

10   Members have suffered in an amount to be proven at trial.

11         106.    Putative Class Members have suffered an injury in fact and have lost money as a

12   result of Defendant's unjust conduct.

13         107.    Putative Class Members lack an adequate remedy at law with respect to this

14   claim and are entitled to non-restitutionary disgorgement of the financial profits that Defendant

15   obtained because of its unjust conduct.

16                                        **COUNT V**

17                  **Fraud by Omission / Intentional Misrepresentation**

18         108.    Plaintiff incorporates and realleges each preceding paragraph as though fully set

19   forth herein.

20         109.    Plaintiff bring this cause of action individually and on behalf all other Class

21   Members.

22         110.    This claim is based on fraudulent omissions concerning the safety of consumers

23   who use the travel mugs. As discussed above, Defendant failed to disclose that the travel mugs

24   had a dangerous defect.

25         111.    The false and misleading omissions were made with knowledge of their

26   falsehood. Defendant is a nationwide manufacturer and distributor who knew of reports of the

27

28

CLASS ACTION COMPLAINT                    17
JURY TRIAL DEMANDED

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

travel mugs' defective and dangerous nature. Nonetheless, Defendant continued to sell its worthless travel mugs to unsuspecting consumers.

112.    The false and misleading omissions were made by Defendant, upon which Plaintiff and Class Members reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and Class Members to purchase the travel mugs.

113.    The fraudulent actions of Defendant caused damage to Plaintiff and Class Members, who are entitled to damages and punitive damages.

114.    Plaintiff seeks all relief available under this cause of action.

<u>**COUNT VI**</u>

**Negligent Misrepresentation**

115.    Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

116.    Plaintiff brings this cause of action individually and on behalf of all other Class Members in the alternative to her intentional misrepresentation claim (Count V).

117.    As alleged more fully above, Defendant negligently made false representations and material omissions of fact to Plaintiff and Class Members concerning the safety of consumers who use the travel mugs.

118.    The representations were false and/or omissions were material.

119.    When Defendant made these misrepresentations and omissions, it knew they were false and material at the time it made them and/or acted negligently in making the misrepresentations and omissions.

120.    Defendant intended that Plaintiff and Class members rely on these representations and omissions and Plaintiff and Class Members read and reasonably relied on them.

121.    Class-wide reliance can be inferred because Defendant's misrepresentations and omissions were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to buy the travel mugs.

**WYATT GRONSKI**
PLLC

ATTORNEYS

371 NE Gilman Blvd.,Suite 260
Issaquah, WA 98027
425.395.7784

122.   Defendant's misrepresentations and omissions were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class Members.

123.   Plaintiff and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the travel mugs if they had known that the representations were false, and/or (b) they overpaid for the travel mugs because the products were sold at a price premium due to the misrepresentation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.   For an order certifying the classes alleged in this complaint, naming Plaintiff as the representative of the classes, and naming Plaintiff's counsel as Class Counsel to represent the classes;

b.   For an order declaring Defendant's conduct violates the statutes and common law referenced herein;

c.   For an order finding in favor of Plaintiff and class members on all counts asserted herein;

d.   For an award of injunctive or other equitable relief as is necessary to protect the interests of Plaintiff and the class members, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful acts described above;

e.   For actual, compensatory, statutory, nominal, and/or punitive damages in amounts to be determined by the Court and/or jury;

f.   For prejudgment interest on all amounts awarded;

g.   For an order of restitution and all other forms of equitable monetary relief;

h.   For an order awarding Plaintiff and class members their reasonable attorney fees, expenses, and costs of suit.

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED

19

WYATT GRONSKI
PLLC
ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784

1

<u>**JURY TRIAL DEMANDED**</u>

2

Plaintiff demands a trial by jury on all claims so triable.

3

Dated: December 27, 2024

4

Respectfully submitted,

5

_/s/    Todd Wyatt_

6

**WYATT GRONSKI PLLC**
Todd Wyatt (Bar No. 31608)

7

371 NE Gilman Blvd., Suite 260
Issaquah, WA 98027

8

Phone: 425-395-7784
E-Mail: todd@wdlawgroup.com

9

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (Cal. Bar No.

10

295032)*
166 Geary Street, Ste. 1500-1507

11

San Francisco, CA 94108
Phone: 415-839-7000

12

E-Mail:  yeremey@skclassactions.com

13

**SMITH KRIVOSHEY, PC**
Joel D. Smith (Cal. Bar No. 244902)*

14

Aleksandr "Sasha" Litvinov (Ky. Bar No.
95598)*

15

867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116

16

Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

17

E-Mail:  sasha@skclassactions.com

18

*To be admitted _Pro Hac Vice_

19

_Attorneys for Plaintiffs_

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED

20

**WYATT GRONSKI**
PLLC
ATTORNEYS
371 NE Gilman Blvd.,Suite 260
Issaquah,WA 98027
425.395.7784