HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIELLE SCHERZI, MARK MUNOZ, and LEAH BABIARZ, individually and on behalf of all others situated,

Plaintiffs,

v.

PACIFIC MARKET INTERNATIONAL, LLC d/b/a PMI WORLDWIDE,

Defendant.

CASE NO. 2:24-cv-02151-RAJ

ORDER

## I.   INTRODUCTION

THIS MATTER comes before the Court on Defendant PMI WW Brands, LLC's ("PMI") Motion to Dismiss Plaintiffs Danielle Scherzi, Mark Munoz, and Leah Babiarz's ("Plaintiffs") Consolidated Class Action Complaint, Dkt. # 25 and PMI's Motion to Strike Nationwide and Multi-State Class Allegations From Plaintiffs' Consolidated Class Action Complaint, Dkt. # 26. The Court has reviewed the motions, the submissions in support of and in opposition to the motions, and the balance of the record. PMI requested oral argument, but the Court finds oral argument is not necessary to resolve the motions. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** PMI's motion to dismiss, and **DENIES** PMI's motion to strike without prejudice.

ORDER – 1

## II.    BACKGROUND

On December 12, 2024, PMI and the U.S. Consumer Product Safety Commission (the "CPSC") announced a recall of over 2.6 million Stanley travel mugs.  Dkt. # 17 ¶ 2.[1] The recall announcement told consumers to "immediately stop using the recalled travel mugs" because the "lid threads can shrink when exposed to heat and torque, causing the lid to detach during use, resulting in a burn hazard."  *Id.* ¶ 2.  Plaintiffs allege that in addition to the lid detaching during use, the defect "also causes the lid to become loose and leak even when it does not fully detach."  *Id.* ¶ 22.

Based on the alleged defect with the travel mugs, Plaintiffs bring a putative class action asserting claims under California, Illinois, and New York consumer protection statutes (counts 1–4 and 6–8), warranty claims (counts 5 and 9), and common law claims for unjust enrichment (count 10), fraud (count 11), and negligent misrepresentation (count 12).  *Id.* ¶¶ 60–206.  Plaintiffs seek to certify a nationwide class, two multi-state classes, and three state subclasses.  *Id.* ¶ 50.

## III.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Id.*  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6):  Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines

---

[1] The recall and Plaintiffs' complaint involve two models of Stanley travel mugs: (1) the Stanley Switchback, available in 12 oz and 16 oz cups; and (2) the Stanley Trigger Action, available in 12 oz, 16 oz, and 20 oz cups.  *Id.* ¶ 20.

ORDER – 2

whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).[2]

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In analyzing a motion to dismiss, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Conclusory allegations and unreasonable inferences, however, are insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

## IV.  DISCUSSION

### A.    Prudential Ripeness

PMI first argues the Court should decline to consider this case under the prudential ripeness doctrine because Plaintiffs do not allege they took advantage of PMI's recall. Dkt. # 25 at 14–17. Plaintiffs argue that because the recall is inadequate, they need not take advantage of the recall to proceed with this case. Dkt. # 29 at 10–16. For the reasons discussed below, the Court agrees with Plaintiffs.

"The 'basic rationale' of the ripeness requirement is 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Potman v. County of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993)

---

[2] PMI argues Plaintiffs' claims are not prudentially ripe. "Though there is some debate in the caselaw over whether prudential ripeness is truly jurisdictional in all contexts . . . it appears routine to evaluate most motions to dismiss premised upon prudential ripeness under Federal Rule of Civil Procedure 12(b)(1)." *United States v. State Water Res. Control Bd.*, No. 19-cv-547, 2023 WL 5612853, at *3 n.2 (E.D. Cal. Aug. 30, 2023) (appeal filed). The Court assumes, without deciding, that Rule 12(b)(1) applies to PMI's prudential ripeness argument. In any case, PMI raises a facial attack, which is treated in a similar manner whether decided under Rule 12(b)(1) or Rule 12(b)(6).

ORDER – 3

(quoting *Abbott Labs. v. Gardner,* 387 U.S. 136, 149 (1967)).  "The ripeness inquiry contains both a constitutional and a prudential component." *Id.*  "The constitutional component focuses on whether there is sufficient injury, and thus is closely tied to the standing requirement; the prudential component, on the other hand, focuses on whether there is an adequate record upon which to base effective review." *Id.* at 902–03 (internal citation omitted).  "Prudential considerations of ripeness are discretionary." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1142 (9th Cir. 2000).

Prudential ripeness "is guided by two overarching considerations: 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id.* at 1141 (quoting *Abbott Labs.*, 387 U.S. at 149).  "A claim is fit for decision if the issues raised are primarily legal, do not require further factual development, and the challenged action is final." *U.S. West Commc'ns v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999) (quoting *Standard Alaska Prod. Co. v. Schaible*, 874 F.2d 624, 627 (9th Cir. 1989)).  "To meet the hardship requirement, a litigant must show that withholding review would result in direct and immediate hardship and would entail more than possible financial loss." *Id.* (quoting *Winter v. Cal. Med. Review, Inc.*, 900 F.2d 1322, 1325 (9th Cir. 1990)).

### i.    Applicability of Prudential  Ripeness Doctrine

As a threshold matter, Plaintiffs argue the prudential ripeness doctrine does not apply in this case because the doctrine is generally applied in cases involving administrative agencies rather than in disputes between private parties.  Dkt. # 29 at 10.  The Ninth Circuit recently rejected this exact argument in a similar product recall context involving the CPSC.  *See Tao v. Arovast Corp.*, No. 24-5413, 2025 WL 3552774, at *1 (9th Cir. Dec. 11, 2025).  The Ninth Circuit explained that although prudential ripeness "is commonly discussed in the context of administrative law, there is no precedent barring application of the doctrine beyond that context." *Id.*  Importantly, the court found that the CPSC's "involvement in the recall weighs in favor of applying the doctrine" because

ORDER – 4

"similar 'concerns over judicial entanglement in administrative agency actions' exist in this case." *Id.* (quoting *Principal Life Ins. Co. v. Robinson*, 384 F.3d 665, 671 (9th Cir. 2005)). For the same reasons, prudential ripeness applies in this case.

### ii.    Fitness for Judicial Decision

As to the first prudential ripeness factor, the Court finds the issues in this case are fit for judicial decision. The cases cited by PMI generally fall into two categories. First, courts have dismissed cases based on lack of prudential ripeness if taking advantage of an offered recall or other remedial measure would very likely moot the plaintiffs' claims. *See id.*, at *2 ("if Plaintiff were to submit a request for a refund or replacement and Defendant provides it, it is unclear how Plaintiff would continue to be aggrieved."). Second, courts have dismissed cases based on lack of prudential ripeness if there were significant factual disputes or speculation about the effectiveness of the recall or remedial measure at issue. *See Elkins v. Am. Honda Motor Co.*, No. 19-cv-818, 2020 WL 4882412, at *5 (C.D. Cal. July 20, 2020) (dismissing based on prudential ripeness where, among other issues, plaintiffs speculated without factual support that vehicle defects could manifest outside the period of the defendant's remedial extended warranty program); *Guan v. Mercedes-Benz, LLC*, No. 20-cv-5719, 2022 WL 17089817, at *5 (N.D. Cal. May 17, 2022) (dismissing based on prudential ripeness where, among other issues, parties disputed whether remedial warranty program covered repairs on parts incidental to defective car component); *Gonzalez v. Am. Honda Motor Co.*, 720 F. Supp. 3d 833, 842 (C.D. Cal. Mar. 8, 2024) (dismissing based on prudential ripeness because plaintiff's allegations regarding insufficiency of recall was "mere speculation").

On the other hand, courts have declined to dismiss based on lack of prudential ripeness if, based on plausible allegations, there was sufficient clarity about the details of the recall or other remedial program to adjudicate its adequacy. *See Salas v. Ford Motor Co.*, No. 25-cv-1701, 2025 WL 3771187, at *4 (C.D. Cal. Dec. 26, 2025) ("but here, the extent to which the Recall will address the Defect is clear . . . Thus, any 'further factual

ORDER – 5

development' facilitated by waiting for Plaintiffs to avail themselves of the Recall would not enable the Court to better evaluate the claims at issue."); *Bolton v. Ford Motor Co.*, No. 23-cv-632, 2024 WL 3328522, at *4 (D. Del. July 8, 2024) (declining to dismiss based on prudential ripeness because complaint alleged damages beyond what is offered by recall program); *Rosen v. Mercedes-Benz USA, LLC*, No. 21-cv-787, 2022 WL 20766104, at *3 (N.D. Ga. Nov. 1, 2022) (declining to dismiss based on prudential ripeness where plaintiffs alleged remedial program did not fix defect at issue and did not provide reimbursement for diminution of value of vehicles at issue).

Moreover, courts have declined to dismiss for lack of prudential ripeness if the claims at issue primarily challenged the product defect rather than the adequacy of the recall itself. *See Salas*, 2025 WL 3771187, at *4 (distinguishing *Elkins* because "here, Plaintiffs' experiences with the Recall are at best tangential to their claims that Ford engaged in unfair competition and was unjustly enriched by manufacturing vehicles with the Defect and failing to disclose such a Defect."); *Bolton*, 2024 WL 3328522, at *4 ("Plaintiffs' claims do not turn on the sufficiency of the 2023 recall"); *Rosen*, 2022 WL 20766104, at *3 (distinguishing *Elkins* and *Guan* because "plaintiffs in both of these cases brought warranty claims, while Plaintiffs here do not.").

Here, Plaintiffs have alleged sufficient facts to make this case fit for judicial decision. First, like *Salas*, *Bolton*, and *Rosen*, Plaintiffs plausibly allege key details of the PMI recall, which PMI does not genuinely dispute. [3]  Specifically, they allege the recall only provides customers with a replacement lid; it does not offer a complete replacement of the travel mug or a cash refund. *Id.* ¶ 47. Plaintiffs further allege "the functionality and features of the replacement lids are obviously inferior to the original lids." *Id.* For example, for the "Trigger Action mugs"—mugs with a push button that opens the mouthpiece to allow for one-handed use—the replacement lids lose the functionality of the

---

[3] PMI argues Plaintiffs' allegations are based on "hearsay social media posts from anonymous users," Dkt. # 25 at 15, but at the motion to dismiss stage, Plaintiffs are only required to plead plausible facts, not produce admissible evidence.

ORDER – 6

trigger. *Id.*; Dkt. # 17-2 at 2. The replacement lids also "cannot break down for easy cleaning" and "no longer match the style and design of the mug." Dkt. # 17 ¶ 47. Thus, Plaintiffs allege the "replacement lids make the mugs have an overall inferior value and price, causing consumers to lose the value of their mugs as a result of the recall." *Id.* These allegations are sufficient to explain why the recall is inadequate to meet Plaintiffs' needs. It is reasonable to assume the functionality and aesthetic of travel mugs play a role in consumers' decision to buy the mugs. Plaintiffs need not actually hold the replacement lids in their hands to decide the functionality and aesthetic of the offered replacement do not make them whole.

Second, again like *Salas*, *Bolton*, and *Rosen*, Plaintiffs assert claims primarily challenging PMI's failure to disclose the alleged defect, rather than the sufficiency of the recall. This too weighs in favor of finding that this case is prudentially ripe.

Finally, this case is distinguishable from PMI's cases. Unlike *Tao*, PMI's recall offers only a replacement lid, rather than a total product replacement, leaving doubt that taking advantage of the recall will render Plaintiffs' claims moot. And unlike *Elkins*, *Guan*, and *Gonzalez*, for the reasons discussed above, Plaintiffs' plausible allegations about the sufficiency of the recall do not rely on disputed facts or speculation.

### iii.   Hardship to the Parties

The next prudential ripeness factor is the hardship to the parties if the Court were to withhold consideration. The hardship must "entail more than possible financial loss." *U.S. West Commc'ns*, 193 F.3d at 1118 (quoting *Winter*, 900 F.2d at 1325). Here, Plaintiffs' primary concern with the replacement lid is that it is inferior to the original lid in terms of functionality and aesthetics, and therefore "make the mugs have an overall inferior value and price." Dkt. # 17 ¶ 47. This is ultimately a financial loss. Nevertheless, some courts have found the hardship factor met if plaintiffs seek damages beyond the scope of the recall. *See Rosen*, 2022 WL 20766104, at *3 ("it is enough that Plaintiffs allege damages outside the coverage of the Program to show hardship should the Court dismiss the case."); *Salas*,

ORDER – 7

2025 WL 3771187, at *5 (finding hardship in part because plaintiffs "would be denied the opportunity to secure a more prompt monetary award that compensates them for the loss of value of their vehicles.").

The Court finds the hardship factor is neutral.  In balancing the two prudential ripeness factors together, however, the Court finds this case is prudentially ripe and may proceed for further adjudication.

### B.    Fraud-Based Claims – Rule 9(b)

PMI argues Plaintiffs' consumer protection claims (counts 1–4, 6–8) and common law fraud and negligent misrepresentation claims (counts 11–12) should be dismissed for failing to allege fraud with particularity under Rule 9(b).  Dkt. # 25 at 17.  The Court disagrees.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Claims that "sound in fraud" "must satisfy the particularity requirement of Rule 9(b)."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Id.* at 1106.  The parties do not dispute that Plaintiffs' California and Illinois consumer protection claims and common law fraud and negligent misrepresentation claims are subject to Rule 9(b).  Plaintiffs argue in a footnote that Ms. Scherzi's New York consumer protection claims are not subject to Rule 9(b).  Dkt. # 29 at 16.  This argument is rejected.  *See Tabak v. Apple, Inc.*, No. 19-cv-2455, 2020 WL 9066153, at *7 (N.D. Cal. Jan. 30, 2020) (applying Rule 9(b) to claims asserting misrepresentation and concealment of product defect under New York's consumer protection statutes).  Accordingly, the Court will proceed with analyzing all of Plaintiffs' consumer protection claims, as well as common law fraud and negligent misrepresentation claims, under Rule 9(b).

ORDER – 8

### i.    Omission

PMI first argues that Plaintiffs, who are proceeding under a failure-to-disclose theory, fail to plead the alleged omission with particularity.[4]

In the context of an alleged fraudulent omission, to meet Rule 9's requirements, plaintiffs "at a minimum must 'describe the content of the omission and where the omitted information should or could have been revealed.'" *Sims v. Kia Motors Am., Inc.*, No. 13-cv-1791, 2014 WL 12558251, at *4 (C.D. Cal. Oct. 8, 2014) (quoting *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009)).  In cases alleging failure to disclose a product defect, courts have found plaintiffs sufficiently alleged the content of the omission if they described the defect in enough detail.  *See Gamez v. Toyota Motor Sales, U.S.A., Inc.*, No. 23-cv-1464, 2024 WL 86320, *15 (E.D. Cal. Jan. 8, 2024) (finding plaintiff pleaded omission claim because they "sufficiently described the content of the omission, i.e., the Defect, in detail."); *Tappana v. Am. Honda Motor Co., Inc.*, 609 F. Supp. 3d 1078, 1088 (C.D. Cal. 2022) (finding plaintiffs "pleaded their omission-based claims with particularity" because the complaint "describes in detail the nature of the Defect.").  "The level of detail courts require about the defective parts and components appears to 'directly correlate to the complexity of the machinery in question.'" *Burgos v. Am. Honda Motor Co.*, No. 23-cv-2128, 2024 WL 2108843, at *2 (C.D. Cal. May 7, 2024) (quoting *DeCoteau v. FCA US LLC*, No. 15-cv-20, 2015 WL 6951296, at *3 (E.D. Cal. Nov. 10, 2015)).

Here, Plaintiffs sufficiently plead the omission at issue in this case.  The mechanics of the travel mugs are not particularly complex.  Plaintiffs allege the travel mugs' "lid threads can shrink when exposed to heat and torque, causing the lid to detach during use, posing a burn hazard." Dkt. # 17 ¶ 21.  In addition, the "defect also causes the lid to become loose and leak even when it does not fully detach." *Id.*  This is sufficient to identify the defect at issue and what Plaintiffs contend PMI should have disclosed.  Moreover, Plaintiffs

---

[4] To the extent Plaintiffs allege an affirmative misrepresentation, this claim fails because Plaintiffs do not allege that they saw and relied on any alleged misrepresentation.

ORDER – 9

sufficiently plead where the omitted information should or could have been revealed.  They allege they carefully reviewed the mug and packaging, or the mug product page, before purchasing their travel mug, and that PMI "did not disclose the defect on the product packaging, the product page of its website, the owner's manual, the product pages of other retailers who acted as Defendant's agents, or in any other customer-facing document." *Id.* ¶¶ 9, 11, 13 31.

PMI's arguments to the contrary are not persuasive.  PMI argues that "Plaintiffs do not allege, for example . . . that PMI had a duty to disclose a single (unverified) customer complaint, or that they would have acted differently if such a disclosure had been made." Dkt. # 25 at 18.  But Plaintiffs' claim is not based on PMI's failure to disclose customer complaints; it is based on PMI's failure to disclose that the travel mugs' lid threads can shrink when exposed to heat.  PMI also argues that Plaintiffs must allege "the *likelihood* [the defect] would manifest." Dkt. # 25 at 18 (emphasis in original).  But PMI cites no authority for this statement.[5]

### ii.    Materiality

PMI next argues Plaintiffs fail to plead the omission was material.  Dkt. # 25 at 18. PMI cites to *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012) for the proposition that "to plead materiality, a plaintiff must show omission of an alleged defect involved 'an unreasonable safety hazard.'" *Id.* at 18–19.  A subsequent Ninth Circuit case acknowledged, however, that "recent California cases show that *Wilson's* safety hazard pleading requirement is not necessary in *all* omission cases . . . ." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 864 (9th Cir. 2018).  Rather, a plaintiff may state an omission claim if "the plaintiff alleges that the omission was material," "the defect was central to the product's function," and "one of the four *LiMandri* factors." *Id.* at 863; *see also  In re Ford Motor*

---

[5] PMI only cites to *Sonneveldt v. Mazda Motor of Am., Inc.*, No. 19-cv-1298, 2023 WL 2292600, at *14–16 (C.D. Cal. Feb. 23, 2023), *aff'd*, 2024 WL 5242611 (9th Cir. Dec. 30, 2024)).  *Sonneveldt* was decided on summary judgment and does not speak to the pleading standard for alleging an omission.

ORDER – 10

*Co. DPS6 Powershift Transmission Prods. Liab. Litig.*, No. 18-cv-2814, 2019 WL 3000646, at *8 (C.D. Cal. May 22, 2019) ("a safety hazard nexus is not required where the alleged defect goes to the central function of the product."). PMI does not raise arguments that the "unreasonable safety hazard" requirement applies in this case, or that it applies to the non-California claims at issue. Thus, the Court declines to dismiss on this basis.

### C.    Fraud-Based Claims – Presale Knowledge under Rule 8

PMI next argues Plaintiffs' consumer protection claims (counts 1–4, 6–8) and common law fraud and negligent misrepresentation claims (counts 11–12) should be dismissed because Plaintiffs fail to allege PMI had presale knowledge of the alleged defect. The Court agrees.

Each of the claims at issue requires that the defendant had knowledge of the alleged defect prior to the time of sale. *See Neu v. FCA US LLC*, No. 23-cv-509, 2023 WL 10406710, at *5 (C.D. Cal. Nov. 13, 2023) ("To plead fraudulent omission . . . under CLRA, FAL, UCL, and common law, a plaintiff must allege that the defendant knew and yet failed to disclose the defect at the time of sale."); *Cho v. Hyundai Motor Co., Ltd.*, 636 F. Supp. 3d 1149, 1167 n.11 (C.D. Cal. 2022) (Illinois consumer protection statute); *Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 307–09 (N.D.N.Y. 2019) (New York consumer protection statute); *Lohr v. Nissan N.A., Inc.*, No. 16-cv-1023, 2022 WL 1449680, at *3–4 (W.D. Wash. May 9, 2022) (Washington Consumer Protection Act).

Plaintiffs allege that Ms. Scherzi purchased her travel mug in "late 2022" and Mr. Munoz purchased his travel mug on February 9, 2023. Dkt. # 17 ¶ 8, 10.[6] Plaintiffs allege PMI "knew about the defect because of pre-release testing." *Id.* ¶ 35. In addition, Plaintiffs allege that after the product launch, PMI "monitored a variety of sources," including "warranty claim data," "replacement part data," "field reports," and customer complaints to PMI and the CPSC. *Id.* ¶¶ 36, 38. Regarding customer complaints, Plaintiffs allege PMI "received 91 reports worldwide, including 16 in the U.S., of the recalled travel mugs'

---

[6] Plaintiffs do not allege when Ms. Babiarz purchased her travel mug. *See id.* ¶ 12.

ORDER – 11

lids detaching during use, resulting in 28 burn injuries worldwide, including two burn injuries in the U.S., with 11 consumers worldwide requiring medical attention." *Id.* ¶ 37. Plaintiffs allege the number of complaints was "significant" and put PMI on notice that the incidents were the result of a product defect rather than user error. *Id.* Plaintiffs further allege PMI "knows that for every complaint made, there is a statistical likelihood that there were many more unreported incidents," and that PMI made projections based on this information. *Id.* ¶ 36.

These allegations are insufficient to allege PMI's presale knowledge of the alleged defect. Plaintiffs' allegations provide no factual details regarding the pre-release testing, warranty claim data, replacement part data, or field reports. There is no information about what these tests or data sources revealed about the travel mugs, and how they put PMI on notice of the alleged defect. Without these factual details, the allegations are conclusory and fail to plausibly state a claim for relief. *See Wong v. Am. Honda Motor Co., Inc.*, No. 22-56113, 2024 WL 612939, at *2 (9th Cir. Feb. 14, 2024) ("Appellants' allegations regarding pre-sale testing are too general and conclusory to support an inference of knowledge").

Next, while Plaintiffs provide more factual details about the consumer complaints, the allegations are still insufficient to show PMI's presale knowledge. Plaintiffs do not allege when the complaints were made, and thus provide no basis for the Court to conclude the complaints were made *prior* to Plaintiffs' purchase of the travel mugs, thereby supporting an inference of presale knowledge. *See Wilson*, 668 F.3d at 1147 ("courts have rejected undated customer complaints offered as a factual basis for a manufacturer's knowledge of a defect because they provide no indication whether the manufacturer was aware of the defect *at the time of sale*.") (emphasis in original). The Court acknowledges that this failure, on its own, may not be dispositive because at the pleading stage, plaintiffs have little visibility into the dates of non-public customer complaints. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1028 (9th Cir. 2017) (finding district court improperly

ORDER – 12

faulted plaintiffs "for failing to provide the specific names and dates for consumer complaints" where information was not publicly available."). Nevertheless, Plaintiffs must provide the Court with some basis to conclude PMI knew about the alleged defect prior to Plaintiffs' purchase of the travel mugs. With only undated complaints and no other non-conclusory allegations, there is no basis for the Court to draw this inference.

Moreover, Plaintiffs do not plausibly plead the number of complaints was significant enough to put PMI on notice of the alleged defect. The Ninth Circuit has held that an "unusually high" number of consumer complaints may suffice to establish presale knowledge. *Id.* at 1026–28. Courts have found plaintiffs fail to allege presale knowledge if they allege only a relatively low number of consumer complaints compared to the overall sale of the product. *See, e.g.*, *Wong*, 2024 WL 612939, at *2 ("the remaining complaints are too few in number to suggest [defendant] had knowledge of the defect"); *Cho*, 636 F. Supp. 3d at 1168 ("approximately 400 complaints [over a 12-year period] is quantitatively insufficient without some indicia of how those complaints represent an 'unusually high' amount."). A plaintiff may plausibly allege the significance of the number of consumer complaints by providing a "baseline" of "the number of similar complaints for competitor [products]." *Id.* (discussing *Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 866 (N.D. Cal. 2018)).

Here, the parties dispute whether the Court should consider the 91 complaints received worldwide or the 16 complaints received in the United States. But even considering the worldwide numbers, this is still relatively insignificant compared to the 2.6 million travel mugs sold in just the United States alone. Plaintiffs provide no basis to conclude the number of consumer complaints put PMI on notice of the alleged defect prior to Plaintiffs' purchases, particularly where Ms. Scherzi and Mr. Munoz purchased their mugs approximately two years before PMI's recall. Plaintiffs' allegations that the complaint numbers are "significant" and that PMI "knows . . . there is a statistical

ORDER – 13

likelihood . . . [of] unreported incidents", Dkt. # 17 ¶ ¶ 36–37, are conclusory and insufficient to save their claims.

Accordingly, the Court grants PMI's motion to dismiss Plaintiffs' consumer protection claims (counts 1–4, 6–8) and common law fraud and negligent misrepresentation claims (counts 11–12), with one exception discussed in the paragraph below. Because Plaintiffs' failure to adequately allege PMI's presale knowledge of the travel mugs' defect could conceivably be cured by amendment, dismissal of these counts is with leave to amend.

Plaintiffs' count 2 is brought under the California Unfair Competition Law ("UCL"). Dkt. # 17 ¶¶ 77–87. The UCL has three prongs: unlawful, unfair, and fraudulent. *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 560 (N.D. Cal. 2019). Claims under the unfair and fraudulent prongs are dismissed for the reasons discussed above. *See id.* at 566 (dismissing unfair and fraudulent prongs based on failure to allege presale knowledge). Plaintiffs argue, however, that "virtually any law or regulation—federal or state, statutory or common law—can serve as a predicate for a [UCL] unlawful violation," and thus, "so long as the Court finds at least one other cause of action survives the motion to dismiss, then the UCL claim survives too." Dkt. # 29 at 21 (citing *Ward v. Crowe Vote LLC*, 634 F. Supp. 3d 800, 827 (C.D. Cal. 2022)). As discussed below, some of Plaintiffs' claims survive PMI's motion to dismiss. PMI does not address whether Plaintiffs' UCL claim under the unlawful prong should survive as well in these circumstances. Absent full briefing on the issue, the Court declines to dismiss Plaintiffs' UCL unlawful prong claim without prejudice to PMI raising additional arguments in subsequent briefing.[7]

---

[7] The Court declines to reach PMI's remaining arguments as to the dismissed claims.

ORDER – 14

### D.    Implied Warranty Claims

Next, PMI moves to dismiss Plaintiffs' claims for violation of the Song-Beverly Consumer Warranty Act (count 5) and common law breach of implied warranty (count 9). The Court grants PMI's motion in part.

### i.    Implied Warranty of Merchantability

"The implied warranty of merchantability under both the California Commercial Code and Song-Beverly Act requires that goods are 'fit for the ordinary purposes for which such goods are used.'" *Hawkins v. Shimano N.A. Bicycle Inc.*, 729 F. Supp. 3d 989, 1022 (C.D. Cal. 2024). The parties do not dispute this requirement also applies under Illinois and New York law. "The implied warranty of merchantability is breached if 'the product [does] not possess even the most basic degree of fitness for ordinary use." *Id.* (quoting *Kanan v. Thinx Inc.*, No. 20-cv-10341, 2021 WL 4464200, at *7 (C.D. Cal. June 23, 2021)). At the pleading stage, plaintiffs "must . . . allege either the manifestation of the defect in their product or a substantial certainty of manifestation." *Id.* (quoting *Sims*, 2014 WL 12558251, at *3). [8]

Here, Plaintiffs allege the travel mugs suffer from a defect that causes the lid to shrink and detach or leak when exposed to heat. Dkt. # 17 ¶¶ 21–22. Plaintiffs allege Ms. Scherzi's travel mug "lid started becoming loose" and "[o]n two occasions the lid detached, causing coffee to spill all over Plaintiff Scherzi." *Id.* ¶ 9. They also allege Mr. Munoz's travel mug "lid started becoming loose" and "[o]n several occasions thereafter Plaintiff Munoz noticed liquid in the travel mug leaked from the loose lid." *Id.* ¶ 11. This is sufficient to plead lack of fitness for ordinary use. The travel mugs are intended to hold

---

[8] PMI argues that Plaintiffs defend the implied warranty claims "only as to Munoz under California law, abandoning this claim as to the other Plaintiffs." Dkt. # 30 at 17. While Plaintiffs' opposition brief confusingly uses the subheading "Plaintiff Munoz Alleges the Products Are Unmerchantable," the discussion itself states "*Plaintiffs* sufficiently allege the Products are unmerchantable." Dkt. # 29 at 24–25 (emphasis added). The Court construes Plaintiffs' argument as made on behalf of all Plaintiffs, not only Mr. Munoz.

ORDER – 15

liquids, including hot drinks like coffee and tea.  It is reasonable to infer that travel mugs that detach or leak when exposed to heat are unfit for their ordinary use.

Plaintiffs do not allege that Ms. Babiarz experienced any issues with her travel mug, or plausibly plead that the alleged defect is substantially certain to manifest in her travel mug.  *See id.* ¶ 12.  Accordingly, they fail to state an implied warranty claim as to Ms. Babiarz.

### ii.    Privity

"[A] plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant."  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) "A buyer and seller stand in privity if they are in adjoining links of the distribution chain."  *Id.*  "[A]n end consumer . . . who buys from a retailer is not in privity with a manufacturer."  *Id.*  "[T]he majority of courts in the Ninth Circuit recognize an exception to the privity requirement when the plaintiff alleges it is a third-party beneficiary to a contract that gives rise to the implied warranty of merchantability."  *Neu*, 2023 WL 10406710, at *3.  To invoke this exception, plaintiffs must allege facts to suggest "they are intended beneficiaries to a contract providing an implied warranty."  *Id.*; *see also Wong*, 2024 WL 612939, at *1 (noting that even assuming the third-party beneficiary exception applies . . . "Appellants' threadbare and conclusory allegations are insufficient to suggest that the exception would apply here.").  The same is true under Illinois and New York law.  *See Graham v. Am. Honda Motor Co., Inc.*, 806 F. Supp. 3d 758, 786 (N.D. Ill. 2025) (finding plaintiffs failed to allege third-party beneficiary exception under Illinois law); *Catalano v. BMW of N.A., LLC*, 167 F. Supp. 3d 540, 556–57 (S.D.N.Y. 2016) (same under New York law).

Plaintiffs each purchased their travel mugs from a retailer rather than directly from PMI.  Dkt. # 17 ¶¶ 9, 10, 12.  They point to no allegation in the complaint suggesting they were the intended beneficiaries of a contract between PMI and any of the retailers.

ORDER – 16

Accordingly, Plaintiffs' common law implied warranty claim (count 9) is dismissed. Because the defect may be cured by amendment, dismissal is with leave to amend.

### iii.    Song-Beverly Consumer Warranty Act

The parties agree that privity is not required for Mr. Munoz's claim under the Song-Beverly Act.  PMI argues the claim should nevertheless be dismissed because Mr. Munoz fails to allege the defect with his travel mug manifested within the one-year durational limit of the statute.  Dkt. # 25 at 28.

Under the Song-Beverly Act, the "duration of the implied warranty of merchantability . . . shall be coextensive in duration with an express warranty which accompanies the consumer goods, provided the duration of the express warranty is reasonable; but in no event shall such implied warranty have a duration of less than 60 days nor more than one year following the sale of new consumer goods to a retail buyer."  Cal. Civ. Code § 1791.a(c).  However, "[i]n the case of a latent defect, a product is rendered unmerchantable, and the warranty of merchantability is breached, *by the existence of the unseen defect*, not by its subsequent discovery."  *Sonneveldt v. Mazda Motor of Am., Inc.*, No. 19-cv-1298, 2021 WL 4813753, at *10 (C.D. Cal. July 29, 2021) (quoting *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1305 (2009)).  "There is nothing that suggests a requirement that the purchaser discover and report to the seller a latent defect within [the one-year] time period."  *Id.* (quoting *Mexia*, 174 Cal. App. 4th at 1310); *see also Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015) (latent defect exception "must be followed").

Here, Plaintiffs plausibly allege Mr. Munoz's travel mug contained a latent defect. Specifically, they allege that all travel mugs at issue contained defective lids threads that can shrink when exposed to heat, and that the defect "affects all 2.6 million units of the aforementioned product identification numbers." Dkt. # 17 ¶¶ 21–24.  Plaintiffs allege Mr. Munoz "experienced the defect at issue" on several occasions when his travel mug lid became loose and leaked.  *Id.* ¶ 11.  This plausibly pleads Mr. Munoz's travel mug

ORDER – 17

contained a latent defect at the time of purchase that only manifested later when the travel mug was exposed to heat.  Accordingly, PMI's motion to dismiss the Song-Beverly Consumer Warranty Act claim (count 5) is denied.

### E.    Unjust Enrichment

Next, PMI argues Plaintiffs' claims for unjust enrichment (count 10), UCL (count 2) and California's False Advertising Law ("FAL") (count 4) should be dismissed because they fail to plead that they lack an adequate remedy at law.  Dkt. # 25 at 28.[9]

In *Sonner v. Premier Nutrition Corporation*, 971 F.3d 834 (9th Cir. 2020), the Ninth Circuit held that a plaintiff 'must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.* at 844. Although *Sonner* was decided at a later stage in litigation, subsequent courts have found "it is not an unfair burden to require Plaintiffs to explain why legal remedies are inadequate in their pleading." *Gradney v. Polar Beverages*, 797 F. Supp. 3d 1016, 1026 (N.D. Cal. 2025) (quoting *Julian v. TTE Tech., Inc.*, No. 20-cv-2857, 2020 WL 6743912, at *5 (N.D. Cal. Nov. 17, 2020)).  The requirement to plead a lack of adequate remedy at law also extends to claims for unjust enrichment.  *See id.* at 1031 (dismissing unjust enrichment claim under *Sonner*).

To survive a motion to dismiss, plaintiffs must plead facts to suggest monetary damages are insufficient to address their alleged harm.  *See id.* at 1027–28, 1031 (dismissing claims for equitable relief because "Plaintiffs have not explained how restitution would be any different from legal damages here"); *Castillo v. Prime Hydration LLC*, 748 F. Supp. 3d 757, 774 (N.D. Cal. 2024) (collecting cases dismissing claims for equitable relief).  But at least some courts have permitted relatively minimal allegations at the pleading stage.  *See Murphy v. Olly Pub. Benefit Corp.*, 651 F. Supp. 3d 1111, 1129 (N.D. Cal. 2023) (denying motion to dismiss where plaintiff alleged "for a full refund,

---

[9] As discussed above, the Court dismisses Plaintiffs' FAL claim and UCL claim under the unfair and fraudulent prong for other reasons.

ORDER – 18

Plaintiffs would have to show that the product has no market value, while that showing is not required for restitution"); *Timmins v. Unilever United States, Inc.*, 785 F. Supp. 3d 774, 784 (E.D. Cal. 2025) (finding plaintiff satisfied pleading requirement "by alleging that available legal remedies 'are inadequate because they are not equally prompt, certain, or efficient as equitable relief"). *But see Ketayi v. Health Enrollment Grp.*, No. 20-cv-1198, 2021 WL 2864481, at *10 (S.D. Cal. July 8, 2021) (noting "it would be anomalous for [*Sonner's*] rule to be avoidable merely because of the reality that claims for restitution and damages often will result in different recoveries.").

Much of Plaintiffs' allegations are conclusory and formulaic recitations. *See* Dkt. # 17 ¶¶ 40–45. Nevertheless, Plaintiffs plead that "[u]nlike damages, restitution is not limited to the amount of money Defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles a plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize." *Id.* ¶ 43. These allegations regarding why Plaintiffs may be entitled to more equitable relief than money damages are in line with allegations *Murphy* found were sufficient at the pleading stage. Following this line of cases, the Court declines to dismiss Plaintiffs' unjust enrichment claim at this stage.

## F.    Injunctive and Declaratory Relief

Finally, PMI argues Plaintiffs' request for injunctive and declaratory relief be dismissed for lack of standing. Dkt. # 25 at 29–30. Plaintiffs do not respond to this argument in its opposition. *See generally* Dkt. # 29; *see* Dkt. # 30 at 9 (PMI's reply brief noting Plaintiffs did not respond to standing argument). "Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived." *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009). Accordingly, based on Plaintiffs' lack of opposition, Plaintiffs' request for injunctive and declaratory relief is dismissed, with leave to amend.

ORDER – 19

**G.   Motion to Strike Class Allegations**

PMI also moves to strike Plaintiffs' nationwide and multi-state class allegations because "Plaintiffs' and class members' claims are governed by their home states' laws" and the application of multiple differing state laws defeats the predominance requirement for class certification.  Dkt. # 26 at 5.

The Court is dismissing the majority of Plaintiffs' claims with leave to amend, and declines to analyze PMI's motion to strike class allegations on the remaining claims because it may result in piecemeal adjudication of the issues presented in the motion.  *See Garcia v. Anane Enter. LLC*, No. 24-cv-1993, 2025 WL 894616, at *14 (E.D. Cal. Mar. 24, 2025) ("The Court denies Defendant's motion to strike Plaintiff's class allegations as premature and moot because the Court dismisses some of Plaintiff's claims with leave to amend.").  The Court notes that even if it were to reach the merits of PMI's motion to strike,[10] it would find that PMI has not satisfied its burden based on the arguments presented.  Under Washington's choice of law rules, PMI must first demonstrate that an "actual conflict between *Washington* and other applicable state laws exists." *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 550 (W.D. Wash. 2008) (emphasis added).  It is insufficient for PMI to generally discuss variations among state laws without specifically addressing why there is an actual conflict between Washington law and those of other states.

**V.   CONCLUSION**

For the forgoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** PMI's motion to dismiss, Dkt. # 25, as follows:

1.   Claims under the Washington Consumer Protection Act (count 1); California's Unfair Competition Law for the unfair and fraudulent prongs

---

[10] The Court makes no determination at this time regarding whether it is appropriate to dismiss class allegations at the pleading stage. *See Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996, 1013 (S.D. Cal. 2021) ("Since *Mazza*, district courts are divided on whether dismissal of a nationwide class is appropriate at the motion to dismiss stage.").

ORDER – 20

only (count 2); California's Consumer Legal Remedies Act (count 3); California's False Advertising Act (count 4); Illinois Consumer Fraud and Deceptive Trade Practices Act (count 6); New York General Business Law § 349 (count 7); New York General Business Law § 350 (count 8); breach of implied warranty (count 9); fraud by omission/intentional misrepresentation (count 11); and negligent misrepresentation (count 12) are **DISMISSED** with leave to amend.

2.   The portions of the prayer for relief seeking injunctive and declaratory relief are **DISMISSED** with leave to amend.

3.   PMI's motion to dismiss claims under the unlawful prong of California's Unfair Competition Law (count 2); Song-Beverly Consumer Warranty Act (Count 5); and unjust enrichment (count 10) is **DENIED**.

4.   Plaintiffs may file an amended complaint within 21 days of this order.

The Court **DENIES** PMI's motion to strike, Dkt. # 26, without prejudice.

Dated this 25th day of March, 2026.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 21